UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Criminal No. 02-CR-80315

vs.

HON. BERNARD A. FRIEDMAN

CORTEZ EDWARD BALLARD,

Defendant.
_____________________________/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is presently before the Court on defendant's motion for compassionate release. (ECF No. 58). The government has filed a response in opposition. Defendant has not filed a reply and the deadline for doing so has expired. Pursuant to E.D. Mich. LR 7.1(f)(1), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant is an inmate at the Central Michigan Correctional Facility in St. Louis, Michigan, which is operated by the Michigan Department of Corrections ("MDOC"). Defendant's estimated release date from state custody is January 11, 2022. (ECF No. 58, PageID.266). Defendant will then be turned over to the United States Bureau of Prisons ("BOP") to serve a 24-month sentence that was imposed by this Court on October 26, 2010, to be served consecutively with defendant's state sentence. (ECF No. 57, PageID.243). Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] "due to the substantial risk to himself and the community from the current COVID-19

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

Global Pandemic." (ECF No. 58, PageID.246). Defendant states that he has contracted the coronavirus twice, in August and November of 2020, and believes he is "highly susceptible to COVID-19," in part due to his pre-existing medical conditions, which include chronic kidney disease, hypertension, and "nutritional deficiencies." (*Id.*, PageID.248-49). The government opposes the motion because (1) the statute does not apply to individuals who are not yet in BOP custody; (2) "[a]ll of [MDOC] prisoners have had access to the COVID-19 vaccine since April 8 of this year"; and (3) defendant's release would not be consistent with the factors in 18 U.S.C. § 3553(a). (ECF No. 61, PageID.279, 282-85).

The Sixth Circuit has clarified "how district courts, following the enactment of the First Step Act, should analyze defendant-filed motions seeking release under § 3582(c)(1)(A)." *United States v. Hampton*, No. 20-3649, 2021 WL 164831, at *1 (6th Cir. Jan. 19, 2021).

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on

---

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . .

defendant-filed motions.

*Id*. (citations omitted).

The Court has considered these factors and concludes that compassionate release would not be appropriate in this case. As this Court has previously stated,

> [§] 3582(c)(1)(A) allows federally incarcerated individuals to seek compassionate release from federal district courts. However, this avenue for relief applies exclusively to inmates within the Federal Bureau of Prisons, not those in the state system. Federal district courts do not have jurisdiction to grant compassionate relief to an inmate outside of the federal system.

*Jerore v. Michigan*, No. 20-CV-12989, 21 WL 1056772, at *1 (E.D. Mich. Mar. 19, 2021). At present, defendant is a "state inmate confined at a state prison." *Id*. Unlike the petitioner in *Jerore*, defendant in this case does face a federal custodial sentence. Nonetheless, because defendant has yet to enter federal custody, the Court concludes that the instant motion for compassionate *release* was prematurely filed.

Moreover, the Court is aware that, according to the Centers for Disease Control and Prevention, defendant's underlying health conditions – chronic kidney disease and hypertension – increase or might increase his risk of severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 7, 2021). However, as the government notes, COVID-19 vaccines have been made widely available to prisoners in both federal and Michigan state prison facilities. (ECF No. 61, PageID.282-83). Further, the vast majority of BOP facilities presently report fewer than ten positive cases, including both inmates and staff, with many reporting only one or two positive cases in the entire facility. *See* https://www.bop.gov/coronavirus (last visited Dec. 7, 2021). As the Court has previously stated, "[a] generalized risk of contracting COVID-19, or potentially developing the more

severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release." *United States v. Gordon*, No. 11-CR-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020).

Further, the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020). When making sentencing determinations, courts are required to consider "the nature and circumstances of the offense," § 3553(a)(1), as well as "the need for the sentence imposed . . . to promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." Section 3553(a)(2)(A)-(C). These factors counsel against releasing defendant at this time. Defendant has an extensive criminal record that includes violent and drug-related offenses, as well as repeated violations of his conditions of supervised release. (Presentence Investigation Rep. ¶¶ 8-11, 29-43). The underlying offenses in this case – (1) delivery/manufacturing controlled substances (cocaine), (2) firearm possession by a felon, (3) felony firearm, and (4) fleeing from law enforcement – were all committed while defendant was on supervised release.[2] (ECF No. 53,

---

[2] According to the Amended Petition for Warrant or Summons for Offender Under Supervision, dated April 23, 2010, defendant violated his terms of supervised release by committing crimes on two separate occasions. The petition states in relevant part:

> [O]n February 23, 2008, officers were dispatched after it was reported that drugs were being sold from a local motel. Once officers arrived at the motel, they observed in plain view a scale, packing material, razor blades, and plastic baggies. Also, a cracker box with approximately 75 grams of cocaine was observed. The offender was then placed under arrest. Further search of the room revealed a loaded black Glock handgun with one round in the chamber and several in the magazine.

* * *

PageID.231-32). On October 26, 2010, this Court sentenced defendant to 24 months' imprisonment to be served consecutively with the related state sentence. (ECF No. 57, PageID.243). While defendant's state sentence reflects the gravity of the four aforementioned offenses, defendant's federal sentence reflects the gravity of committing such offenses while on supervised release, acts which demonstrate a clear disregard for the law and public safety. Defendant has yet to serve any of the federal sentence imposed for these crimes. Given his criminal history and pattern of recidivism, the Court finds that releasing defendant now would undermine each of the important sentencing objectives outlined in § 3553(a). Accordingly,

IT IS ORDERED that defendant's motion for compassionate release (ECF No. 58) is denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: December 10, 2021
Detroit, Michigan

---

> On November 13, 2008, the offender was arrested by officers from the Dearborn Heights Police Department. According to the police report, officers observed the offender drive through a stop sign without stopping. Officers activated their overhead emergency lights, but the offender failed to pull over. The offender began to flee, reaching a speed of 50-m.p.h. in a 25-m.p.h. zone. The offender finally stopped the vehicle, got out, and began running on foot. Once the police apprehended him, he began fighting, the police tasered him, at which time, the offender was subdued and arrested.

(ECF No. 53, PageID.231). Defendant pled guilty in the Third Judicial Circuit Court to all four above-mentioned offenses. (*Id.*, PageID.231-32).

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 10, 2021.

Cortez Edward Ballard, #236771
CENTRAL MICHIGAN CORRECTIONAL FACILITY
320 N. HUBBARD
ST. LOUIS, MI 48880

s/Johnetta M. Curry-Williams
Case Manager